CARPENTER, J.
From the statement of facts, it appears that Ellen Morgan, having a deposit of $1,038.88 with the Society for Savings, went with her daughter, Lilly Morgan Fetzer, to Society for Savings and said to the officer in charge that she wanted her daughter to have this money, and that if they would agree to pay to said daughter whatever might remain in said account at her (the mother’s) death, provided she should die first, that she (Ellen Morgan) would leave such account with the bank subject to the right of withdrawal by either daughter or herself until the death of either herself or said Lilly Morgan. The •bank having assented to this proposition, said Ellen Morgan caused the name of her said daughter to be added to her own on said bank book, to which was added the words, “Mrs. Mor *102 gan or Lilly Fetzer, payable to either or the survivor.’’ The record of the account, as kept by the bank, used this language. The mother placed the book in a safe deposit bos to which the mother alone had access, and it was found there at the time of her death.
The common pleas court, on appeal from the judgment of the probate court, rendered judgment against the plaintiff, Lilly M. Fetzer, holding that the money in said deposit belonged to the estate of said Ellen Morgan. The case is here to reverse this judgment. We find no error in this case to the prejudice of the plaintiff.
Section 9790-1 G. C. provides that where a deposit has been made in any bank, savings bank, etc., in the names of two persons, payable to either, or to either or the survivor, such deposit or any part thereof or any interest or dividend thereon may be paid to either of said persons, whether the other be living or not, and the receipt of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made.
It is evident that this statute was enacted solely for the benefit of the bank, and not for the depositor. It will be observed that it relates to the payment only, and protects the bank from further obligation and avoids suits that would otherwise be likely brought against it. It would scarcely be claimed by any one that this statute related in any manner to the title to moneys on deposit at the death of the depositor. It is claimed, however, that inasmuch as the bank agreed to pay to either said Ellen or her daughter Lilly, as above set foi’th, on the consideration that the deposit would be allowed to' remain subject to withdrawal by either, that thereby the bank became obligated under the doctrine that an agreement made on a valid consideration by one person with another to pay money to a third can be enforced by the latter in his own name, and therefore the title to this property at the death of Ellen passed or devolved by operation of law to Lilly. The statement itself shows the absurdity of the claim. The fallacy is discoverable in that it assumes payment creates title. The bank held the money, the title of wTr’ch was in the mother, and the agreement of the bank *103 to pay, even on consideration, could not change the title. True, if Lilly had drawn out any or all of this money and had spent it, which she had full right to do, there would be nothing left to which title could be asserted. But as to the title to the money remaining in the bank during the life of the mother there can be no question, for it is conceded that Lilly had not contributed to the fund; being the mother’s at the time of her death, it would descend as a part of her estate unless the transaction at the bank created a right of title at the death of Ellen. It is not claimed that the transaction amounted to a testamentary disposition. As between Lilly and her mother there passed no consideration. It could not be said that it was a gift inter vivos, because there was not an irrevocable delivery; in fact there was no delivery. The donor retained the right to its use. And there is no claim that it was a gift causa mortis, or a testamentary disposition.
In our opinion the plaintiff utterly fails to make her case, and we therefore affirm the .judgment.
Grant and Leighley, JJ., concur.